**In re JOEL.**

(District Court, S. D. Florida. February 23, 1924.)

No. 2131.

1. **Bankruptcy ⊚⟶409(1)—Discharge not to be denied because bankrupt failed to keep regular set of books.**

A discharge may not be denied under Bankruptcy Act, § 14b (2), being Comp. St. § 9598, because bankrupt did not keep books of account, as a bookkeeper would understand the term if he has a record in any shape from which his financial condition may be ascertained.

2. **Bankruptcy ⊚⟶414(1)—Objecting creditor has burden of proof to defeat discharge.**

The burden rests upon an objecting creditor to sustain his specifications of objection to a discharge by a preponderance of the evidence.

In Bankruptcy. In the matter of L. D. Joel, bankrupt. On exceptions to master's report recommending discharge. Exceptions overruled, and discharge granted.

Martin H. Long, John B. L'Engle, and W. T. McCaffrey, all of Jacksonville, Fla., for objecting creditors.

M. H. Myerson, of Jacksonville, Fla., for the bankrupt.

CALL, District Judge. This cause comes on to be heard upon exceptions filed to the report' of the referee as special master, finding the specifications of objection to the discharge of the bankrupt not sustained.

The Barnett National Bank filed three exceptions, and the Atlantic National Bank filed two. The first specification in each of the objections is that the bankrupt, with intent to conceal his true financial condition, failed to keep books of account or records from which his condition could be ascertained. The referee as special master found against this specification.

The bankrupt on his examination testified as follows:

"Q. Have you a set of books? A. No, sir. Q. You did not keep a set of books? A. No, sir. Q. How did you make your income report? A. By records that I kept. Q. Have you got any records? A. I haven't here."

This is all the testimony as to books of account, except the testimony of the trustee to the effect that he had received no books of account and understood there were none. No interrogation of the bankrupt was had as to the kind of records kept, nor where such records were, nor any demand made upon him to produce same.

[1] Section 14b of the Bankrupt Act (Comp. St. § 9598) provides that the judge "shall" hear the application and such proofs of the parties and discharge the bankrupt unless he has, "(2) with intent to conceal his financial condition * * * failed to keep books of account or records from which such condition might be ascertained." The referee as master found that no books of account were kept by the bankrupt, but failed to find that such action was with the intent required to prevent a discharge. In this finding I am of opinion that the master is sustained by the evidence before him. It is not my view of this section, and the adjudicated cases under it, that the bankrupt

⊚⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

must keep a set of books nor a book of accounts as a bookkeeper would understand the terms, but, if he has a record in any shape from which his financial condition can be ascertained, he cannot be denied a discharge on this specification. There is no contention that the bankrupt had destroyed or concealed any books of account or records. Such was the finding of the master and no exception taken thereto.

[2] The burden rests upon the objecting creditor to sustain the specification by a preponderance of the evidence. This burden the creditor has not met in this case. The evidence shows a failure to keep books of account, but does not show, if the evidence of the bankrupt at the hearing is to be believed, and there is no contradiction to it, that he did not keep records of some kind from which his income report could be made out, and if he had such records it seems to me that the reasonable presumption would arise that his financial condition could be ascertained when the provisions of the income tax law are remembered. If such records had not been sufficiently kept for this purpose or had been in such condition that the intention to conceal his financial condition would arise, the objecting creditors could easily have required him to produce such records and thus meet the burden cast upon them by law.

Each of the objecting creditors specified that the bankrupt has within four months transferred a lot in Springfield to his brother's wife, with intent to hinder and delay his creditors. The referee as master found that the transfer was made within four months, but that it was a preference and not made to hinder and delay creditors. A decree of the circuit court of Duval county was introduced in evidence setting aside said conveyance and vesting the fee-simple title in the trustee. This decree nowhere finds the conveyance void because made with intent to hinder and delay creditors, but declares the conveyance null and void. The pleadings in the case are not before me, and I cannot say what the issues in the case were. Taking the testimony before the master, and this includes the testimony before the circuit court on which the decree was based, it is very apparent that the deed, while absolute upon its face, was in fact a mortgage under the statute of Florida, and, being made a short time before the bankruptcy proceedings was a preference under the Bankruptcy Act. I am of opinion that the exceptions to the master's report on this ground is not well taken.

The third exception of the Barnett National Bank is predicated on the master's finding that the second specification of objection was not sustained. That specification was that the bankrupt on his examination refused to answer material questions. The transcript of the testimony before the referee shows that certain questions were asked regarding the amount for which certain stock was sold and the amount of indebtedness to a certain person, to which questions the bankrupt answered he did not know. The transactions inquired about took place some twelve months preceding the bankrupt proceedings, and the answers, while unsatisfactory, cannot be construed to be a refusal to answer, granting the materiality of evidence sought.

I am therefore of opinion that the exceptions to the master's report should be overruled, and the report confirmed. It will be so decreed.